UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Marivelle Nunez, | Case No.: 2:16-cv-01504-JAD-NJK |
| Plaintiff | |
| v. | **Order Denying Without Prejudice Motion for Default Judgment** |
| Homefield Financial, Inc., and KeyBank National Association, | [ECF No. 49] |
| Defendants | |

Marivelle Nunez, as the trustee for the Marivelle Nunez Revocable Living Trust,[1] sues Homefield Financial, Inc. and KeyBank National Association, alleging that they continue to claim adverse interests on a property that the Trust obtained by quit-claim deed.[2] Default was entered against Homefield and KeyBank,[3] and Nunez now moves this court to enter default judgment against them.[4] When determining whether default judgment is available, the court must evaluate the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*.[5] But Nunez has not explained how the *Eitel* factors justify default judgment against Homefield and KeyBank, so I deny her motion without prejudice to her ability to file a new motion for default judgment that properly evaluates the *Eitel* factors.

---

[1] ECF No. 49 (motion for default judgment).

[2] ECF No. 1 at 33 (complaint).

[3] ECF Nos. 25 (Clerk's entry of default against Homefield), 35 (Clerk's entry of default against KeyBank).

[4] ECF No. 49.

[5] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

**Background**

On July 19, 2005, Marivelle Nunez obtained title to a property located at 6120 Skokie Court in Las Vegas, Nevada 89130.[6] The property was obtained by way of a bargain-and-sale deed that was recorded with the Clark County Recorder on June 5, 2005.[7] Nunez then granted two deeds of trust to Homefield Financial on August 31, 2006, naming Mortgage Electronic Registration Systems as the beneficiary.[8] Nunez granted a third deed of trust to KeyBank National Association on December 15, 2006.[9]

However, the property went into foreclosure, and a public sale of the property was held on March 8, 2013.[10] Premier One Holdings obtained title to the property by way of foreclosure deed on March 11, 2013.[11] Nunez alleges that Premier One obtained the title to the property "free and clear of all junior liens and encumbrances affecting title to the [p]roperty, including any deed of trust" given to Homefield Financial and KeyBank National.[12]

Nunez subsequently reached out to Premier One in an effort to repurchase the property.[13] She was able to obtain title to the property by way of quit-claim deed on March 27, 2013.[14] Sometime after title was transferred back to Nunez, Homefield and KeyBank asserted claims to

---

[6] ECF No. 1 at 8–9.
[7] *Id.* at 9.
[8] *Id.* at 18.
[9] *Id.* at 19.
[10] *Id.* at 32.
[11] *Id.* at 10.
[12] *Id.* at 16.
[13] *Id.* at 11.
[14] *Id.* at 13.

2

the title of the property.[15]  Nunez alleges that Homefield and KeyBank continue to claim adverse interests in the property through the deeds of trust that Nunez gave them in 2006.[16]  Nunez alleges that their claims have created a "cloud upon title."[17]

So, on May 4, 2016, Nunez filed her complaint against Homefield and KeyBank alleging that she has superior interest in the property.[18]  Nunez moved for and obtained entry of default against Homefield[19] and KeyBank[20] and now asks me to enter default judgment against both defendants under FRCP 55(b)(2) that includes declaratory and injunctive relief.[21]

**Discussion**

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain a default judgment if the clerk previously entered default based on a defendant's failure to defend.  After entry of default, the complaint's factual allegations are taken as true, except those relating to damages.[22]  "[N]ecessary facts not contained in the pleadings, and claims [that] are legally insufficient, are not established by default."[23]  The court has the power to require a plaintiff to provide additional proof of facts or damages in order to ensure that the requested relief is appropriate.[24]  Whether to

---

[15] *Id.* at 20.

[16] *Id.* at 33.

[17] *Id.* at 20.

[18] *Id.* at 34.

[19] ECF No. 25.

[20] ECF No. 35.

[21] ECF No. 49.

[22] *Tele Video Sys., Inc v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curium); Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsible pleading is required and the allegation is not denied.").

[23] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

[24] *See* Fed. R. Civ. P. 55(b)(2).

grant a motion for default judgment lies within my discretion,[25] which is guided by the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[26]

A default judgment is generally disfavored because "[c]ases should be decided upon their merits whenever reasonably possible."[27]

Except for the substantive merits of Nunez's claims, Nunez's motion does not address the *Eitel* factors. Nunez has thus left me without the guidance and information that I need to determine whether default judgment is warranted. I therefore deny Nunez's motion without prejudice to her ability to file a new motion for default judgment that addresses the *Eitel* factors and explains why those factors warrant the judgment that Nunez requests.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for default judgment **[ECF No. 49] is DENIED without prejudice** to the filing of a new motion that properly evaluates the *Eitel* factors.

Dated: June 29, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[25] *Eitel*, 782 F.2d at 1471.
[26] *Id.* at 1471–72.
[27] *Id.* at 1472.